**2012 BNH 005  Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 10-14152-JMD |
| | Chapter 7 |
| Elizabeth J. Lambregtse, | |
|     Debtor | |
| | |
| Elizabeth J. Lambregtse, | |
|     Plaintiff, | |
| | |
| v. | Adv. No. 11-1291-LHK |
| | |
| IndyMac Mortgage Services, | |
|     Defendant | |

*Krista E. Atwater, Esq.*
*Atwater Law*
*Rye, NY*
*Attorney for Debtor/Plaintiff*

*Scott C. Owens, Esq.*
*Harmon Law Office*
*Newton, MA*
*Attorney for Defendant*

## MEMORANDUM OPINION

### I.  INTRODUCTION

Elizabeth J. Lambregtse, the Debtor, brought an adversary proceeding against defendant IndyMac Mortgage Services ("IndyMac") relating to a home equity line of credit (the "HELOC").  The Debtor requests that the Court award actual, statutory, and punitive damages

along with costs and attorneys' fees for violations of the automatic stay under 11 U.S.C. § 362[1] and the New Hampshire Unfair, Deceptive, or Unreasonable Collection Practices Act under N. H. Rev. Stat. Ann. ("RSA") § 358-C. Complaint (Doc. No. 1). OneWest Bank, FSB ("OneWest"), as servicer of the HELOC, has filed a motion seeking to dismiss (Doc. No. 14) the complaint on the grounds the Debtor has failed to state a claim upon which relief can be granted.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). Relief under 11 U.S.C. § 362 is a core proceeding in accordance with 28 U.S.C. § 157(b).

II. BACKGROUND

The Court draws the following factual background from the Complaint, which statements the Court accepts as true for purposes of the Motion. On October 26, 2007, the Debtor obtained a HELOC from IndyMac. Subsequently, on September 28, 2010, the Debtor filed a petition for relief under chapter 7 of the U.S. Bankruptcy Code. IndyMac was listed on the Debtor's schedules as a secured creditor for the HELOC debt and received notice of the bankruptcy filing and automatic stay. IndyMac contacted the Debtor at least ninety-nine time between October 6, 2010 and November 15, 2010 in order to collect the HELOC debt. On October 14, 2010, Peter Wright, then counsel to the Debtor, informed IndyMac by certified letter that the Debtor was

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code," "section" or "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

represented by counsel and had filed for bankruptcy relief.  IndyMac received that letter on October 17, 2010.  The Debtor received a discharge on December 28, 2010 and the bankruptcy case was closed on January 10, 2011.  The Debtor filed an *ex parte* motion to reopen[2] her bankruptcy case in December 2011 for purposes of filing this adversary proceeding.  The Bankruptcy Court granted the Debtor's motion to reopen without notice and hearing and she filed this adversary proceeding alleging one count for violation of the automatic stay and one count for violation of New Hampshire's Unfair, Deceptive or Unreasonable Collection Practices Act.  OneWest, as servicer of the HELOC, has filed a motion to dismiss the complaint.  No objection has been raised contesting the standing of OneWest to bring a motion to dismiss complaint.

## III.  DISCUSSION

### A.  Motion to dismiss standard

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and draw all reasonable inferences in the plaintiff's favor.  LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).  While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must contain more than labels and legal conclusions.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[Although] legal conclusions can provide the framework of a complaint, they must

---

[2] See (Doc. Nos. 18 and 19) in the lead case, In re Lambregtse, 10-14152-JMD.

be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A pleading that offers only a formulaic recitation of the elements of a cause of action may be dismissed. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.

Thus a complaint that merely pleads elements of liability without corresponding fact will not carry the day because it "stops short of the line between possibility and plausibility." Id. (quoting Twombly, 550 U.S. at 557). A complaint must allege facts which will establish a plausible claim for relief. A complaint establishes facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Id. at 1950. And, although trial courts must take all factual allegations in the complaint as true, they are not bound to accept as true legal conclusions couched as factual allegations. Id. at 1949-50.

When considering a motion to dismiss, courts usually look to the complaint itself. Under narrow exceptions, however, courts may consider "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). Courts may also consider documents of undisputed authenticity and official public records. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 47 n.1 (1st Cir. 2009). When extraneous matters are to be considered, the motion will be deemed a motion for summary judgment. See Rodi v. Southern

New England School of Law, 389 F.3d 5, 12 (1st Cir. 2004).  Here, nothing has been offered beyond the Complaint except for attachments that relate to specific allegations.

### B. Analysis

#### 1. Affirmative Defenses

OneWest raises laches, *res judicata*, preemption, and exemption from RSA § 358-A in its motion to dismiss.  In appropriate cases, affirmative defenses can be adjudicated on a motion to dismiss for failure to state a claim.  Blackstone Realty LLC v. Federal Deposit Ins. Corp., 244 F.3d 193, 197 (1st Cir. 2001).  "However, . . . , for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings."  Id. (internal quotations omitted).  The complaint, along with any other incorporated documents, must establish definitively that the plaintiff's action is barred by the affirmative defense.  Id.

##### a. Laches

OneWest argues that the Debtor's motion to reopen case should have been denied because it was not timely made.  OneWest further contends that the Debtor's complaint is barred by the doctrine of laches because the action was not pursued until eleven months after the Debtor's bankruptcy case was closed, despite the Debtor's awareness of the violations.  OneWest cites In re Gagne, No. 02-10966, 2010 WL 5209243 (Bankr. D. Me. Dec. 16, 2010) to support its position; but Gagne is distinguishable.  There, the court applied laches to the debtor's motion to reopen a case for purposes of pursing alleged stay violations.  Here, the motion to reopen has been granted.  The time for appealing that order has gone by and there is no pending motion to reconsider.  Accordingly, the assertion of laches must be applied to the compliant.

OneWest, as the party asserting laches, has the burden of demonstrating that the "delay in bringing the suit was (1) unreasonable, and (2) resulted in prejudice to the opposing party." Iglesias v. Mut. Life Ins. Co. N.Y., 156 F.3d 237, 243 (1st Cir. 1998). Because the Complaint is silent on these issues, see Blackstone Realty LLC, 244 F.3d at 197, an assessment of laches on the present motion is premature.

### b. *Res Judicata*

Next, OneWest argues that the Debtor's completed chapter 7 bankruptcy precludes her claims under the doctrine of *res judicata*. The doctrine of *res judicata* prevents parties from relitigating claims or issues "which were raised or could have been raised in a previous action, once a court has entered a final judgment on the merits in the previous action." Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 402 (B.A.P. 1st Cir. 2004). To establish claim preclusion, the following must be present: "(1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits." Milliren v. Milliren (In re Milliren), 387 B.R. 27, 25 (B.A.P. 1st Cir. 2008). To establish issue preclusion, the following must be established: (1) the issue being precluded is the same as the issue involved in the prior action; (2) the issue was *actually* litigated; (3) the issue must have been determined by a valid and binding judgment; and (4) the determination of the issue was essential to the judgment**.** See id.

OneWest postulates that claim preclusion bars the Debtor's action because this adversary proceeding involves the same parties as the bankruptcy, the discharge was a final judgment, and both the bankruptcy and this adversary proceeding arise from the same loan transaction. But OneWest failed to establish the existence of a final judgment on the merits this complaint or an

6

identity of the Debtor's complaint within the issues raised in the bankruptcy case. OneWest also argues that the Debtor's claims are barred by issue preclusion, because the claims were assets of the estate and were not liquidated for the benefit of the Debtor's creditors. In issuing the discharge order, the Bankruptcy Court never determined the alleged stay violations or the alleged violations of New Hampshire state law. Thus, the issues in this adversary proceeding were never litigated in the bankruptcy case. Consequently, the defense of *res judicata* provides no basis for dismissal of the Complaint.

### c. Preemption

OneWest also argues that the Debtor's claim under Count II plead pursuant to RSA § 358-C is preempted by the Bankruptcy Code. The Supremacy Clause of the United States Constitution provides Congress with the ability to preempt state law. Preemption is established in the following circumstances: (1) Congress explicitly provides that state law is superceded: (2) Congress intended the federal government to exclusively regulate the same subject; and (3) a conflict arises between state and federal law such that complying with both is impossible. English v. General Elec. Co., 496 U.S. 72, 78-79 (1990). As discussed *supra*, the Court cannot glean from the complaint that Congress explicitly superceded RSA § 358-C, that the bankruptcy code exclusively regulates the same subject matter, or that a conflict arises between the bankruptcy code and RSA § 358-C such that it is impossible to comply with both federal and state law. See Blackstone Realty LLC, 244 F.3d at 197. The assertion of preemption, like laches, is premature.

#### d. Exemption from RSA § 358-A

OneWest contends that the Debtor's claim under RSA § 358-A must be dismissed because OneWest is exempt from the statute. As an initial matter, the Debtor is not directly making a claim under RSA § 358-A. The Debtor's claim arises under RSA § 358-C, which provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA § 358-A:2 . . . ." RSA § 358-C:4, VI. Thus, a violation of RSA § 358-A is predicated on a finding of a violation under RSA § 358-C. Since the Court is not adjudicating the merits of the Debtor's claim under RSA § 358-C on the present motion, OneWest's exemption argument is premature.

### 2. Inadequacy of pleading

OneWest contends that the Complaint fails to adequately plead a cause of action under RSA § 358-C and RSA § 358-A. As discussed *supra*, the Debtor does not allege a separate violation under RSA § 358-A and the Court has already determined that OneWest is exempt from liability under that chapter. OneWest argues that a claim under RSA § 358-C can only be made by a "consumer" which is defined by RSA § 358-C:1, I, as "a natural person who seek or acquires, or is offered property, services or credit for personal, family or household purposes" and the Debtor's statement in her complaint that "[t]he HELOC was incurred for personal, family, or household purposes" is simply a recitation of the elements of the definition of "consumer." The Court agrees that the Debtor simply restates the definition of "consumer" in her complaint. However, in assessing a motion to dismiss, the Court must make all reasonable inferences in favor of the plaintiff. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). The facts of the Debtor's complaint provide that she refinanced the mortgage on her

homestead and obtained a Home Equity Line of Credit.  The Court may reasonably infer that the act of acquiring a HELOC is for personal, family, or household purposes.  Accordingly, OneWest's motion to dismiss Count II is denied.

## IV.  Conclusion

For the aforementioned reasons, the Court denies OneWest's motion to dismiss complaint.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date: July 19, 2012

/s/ Louis H. Kornreich
Louis H. Kornreich
Bankruptcy Judge
sitting by designation